# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Agwu Gibson,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-08044-PCT-DLR<br><br>**ORDER** |

    Before the Court is the report and recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 21) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the amended petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 1 at 9.) Petitioner filed an objection to the R&R on December 31, 2019, (Doc. 22), and Respondents filed their response on March 5, 2020. (Doc. 28.)

    The Court has considered Petitioner's objections and reviewed the report and recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds that the Magistrate Judge correctly determined that the statute of limitations for Petitioner to file his habeas petition began running on December 13, 2017 and expired on

December 13, 2018. Because Petitioner filed his habeas petition on February 11, 2019, his filing is untimely.

Petitioner's objection argues that the Magistrate Judge incorrectly calculated the beginning date of the statute of limitations and in the alternative, that she incorrectly determined that he is not entitled to equitable tolling. He relies on the date he received actual notice that the trial court denied his motion for rehearing for both arguments.

The Magistrate Judge determined that the statute of limitations began to run on December 12, 2017, the date the trial court denied the motion for rehearing on his petition for post-conviction relief ("PCR"). Petitioner argues that the statute of limitations did not start to run on that date because he did not receive the trial court's original order denying his motion. He contends the statute did not begin to run until sometime in March 2018, when he received the trial court's March 21, 2018 order answering his request for status, explaining that his motion for rehearing had been denied on December 12, 2017.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") defines the length of the statute of limitations and the alternative methods of determining when it begins to run. The relevant portion of the AEDPA defines the starting date of the statute of limitations as: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The statute of limitations began to run on the **date on which the judgment became final**, not the date the Petitioner learned that it became final. There is no provision in the AEDPA that allows the interpterion advanced by Petitioner.

Petitioner's second argument, requesting relief through equitable tolling, is not supported by facts. As the R&R explains, equitable "tolling is appropriate when 'extraordinary circumstances beyond a [petitioner's] control make it impossible to file a petition on time.'" (Doc. 21 at 7) (citing cases.) A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2)

1 | that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Petitioner argues that the approximate three-month delay in receiving the trial court's ruling on his motion for rehearing is itself enough to support relief through equitable tolling. He argues his diligence is established by how closely he followed his litigation. His extraordinary circumstance is the three-month delay. It "likely stood in [his] way" and was a "hindrance in the proceedings of his legal litigations" (Doc. 22 at 6.)

Petitioner has not shown that he has been diligent or that an extraordinary circumstance stood in his way. He does not explain why the approximate nine months available to him after he received the trial court's order was not enough time to prepare and file his Petition. He does not say what effort he made to timely file and he does not show that something occurred that prevented him from meeting the deadline. Nine months is not an insubstantial amount of time and, absent some extraordinary circumstance, was enough time for petitioner to prepare and file his petition.

**IT IS ORDERED** that the R&R (Doc. 21) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

//
//
//
//
//
//

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and terminate this action.

Dated this 12th day of March, 2020.

Douglas L. Rayes
United States District Judge